UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN JAEGER, individually and on behalf of all persons similarly situated,<br><br>                                            Plaintiffs,<br><br>              - against -<br><br>PETER DE PAOLA and DE PAOLA TRADING, INC.,<br><br>                                            Defendants. | **STIPULATED PROTECTIVE ORDER**<br><br>No. 21-cv-11079 |

The Court finds that certain information likely to be disclosed during the course of this litigation may be sensitive or otherwise protectable and that entry of a Protective Order is necessary to safeguard the confidentiality of that information. Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

**NOW THEREFORE,** by stipulation and agreement of the parties, **IT IS HEREBY ORDERED** that:

1.  This Protective Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action that are designated to be subject to this Protective Order.

2.  Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Fed. R. Civ. Proc. 26(c) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face, or on the media on which they are contained, with the legend:

1

"CONFIDENTIAL." Such documents, transcripts, or other materials are collectively referred to herein as "CONFIDENTIAL MATERIALS."

3. All CONFIDENTIAL MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes, or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Protective Order.

4. Subject to paragraph 6, in the absence of prior written permission from the designating party or an order by the Court, materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than: (i) the parties, their attorneys, and their attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic, video, and clerical personnel; and (iii) expert witnesses and their staff employed for this litigation after such experts have signed the acknowledgment attached as Exhibit A; (iv) present or former employees of the producing party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. Proc. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, (vi) in preparation for the deposition of a witness or for the testimony by a witness at a hearing, but only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; (vii) outside professional vendors that provide litigation support services, such as photocopying, imaging, videotaping, exhibit preparation, etc. after such vendors have signed the acknowledgment attached as Exhibit A, and (viii) the Court, Court personnel, and members of any jury impaneled to hear this case.

5.      Subject to paragraph 6, CONFIDENTIAL MATERIALS shall not be disclosed to any person or vendor designated in paragraphs 4(iii) or (vi) unless such person or vendor has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Protective Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Protective Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. In no event shall such person make any other use of such CONFIDENTIAL MATERIALS. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 4 and for the purposes specified.

6.      In the event that any party disagrees with any designation made under this Protective Order, that party shall bring it to the attention of the designating party. The parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for ten (10) calendar days after such notice. The designating party shall have the right to move the Court to retain the designated status of such materials. If the designating party files such a motion within the ten (10) calendar day period, the receiving party shall continue to retain the materials consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

7.      Subject to paragraph 6, any party seeking to file CONFIDENTIAL MATERIALS with the Court must contact the designating party no later than two (2) calendar days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS shall file such materials in accordance with Fed. R. Civ. Proc. 5.2(d) and (f). The designating party shall file a Motion to File Under Seal simultaneously with the other party's filing. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules and this Order.

8.      Subject to paragraph 6, within thirty (30) days after the conclusion of this case, the parties shall assemble and return to the designating party all materials containing information designated in accordance with paragraph 2, above. The designating party may elect to have its designated materials destroyed rather than returned, in which case the other party shall provide written verification that the materials, including any summaries, extracts, compilations, notes or other attorney work product, have been destroyed.

9.      The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIALS by a producing party without the appropriate designation or the inadvertent or unintentional disclosure of privileged materials without an appropriate claim of privilege shall not be deemed a waiver in whole or in part of the party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same subject matter. If a party has inadvertently produced information subject to a claim of confidentiality or privilege,

the receiving party, upon request, or, on its own initiative as such time as the receiving party reasonably and in good faith believes itself to be in possession of inadvertently produced materials, whichever occurs first, shall promptly return the inadvertently produced materials, and all copies of those materials that may have been made and any notes regarding those materials shall be destroyed. The party returning such information may move the Court for an order compelling production.

10. Nothing in this Protective Order shall be construed to prevent a party or a nonparty from seeking such further provisions regarding confidentiality as may be appropriate or from seeking an amendment or modification of the existing terms of this Protective Order upon proper notice, motion, and showing.

11. Nothing in this Protective Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

12. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal.

13. Neither the entry of this Order, nor the designation of any material as CONFIDENTIAL MATERIALS, nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as CONFIDENTIAL MATERIALS does not waive that party's objection to any discovery on the ground that it seeks information protected by Fed. R. Civ. Proc. 26(c) or other provision of law.

14. This Protective Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Protective Order.

16. Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Protective Order by providing the parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

17. In the event any party to this action is served with any discovery, subpoena, order, or other legal process requiring the production or disclosure of documents or information designated in this action by the other as CONFIDENTIAL MATERIALS, they agree to abide by this Protective Order and give prompt written notice via electronic transmission to the designating party within three (3) business days of receiving such discovery, subpoena, order, or legal process, including a copy thereof.

18. The Court may impose appropriate sanctions for the disclosure of CONFIDENTIAL MATERIALS in violation of this Protective Order.

**IT IS SO ORDERED.**

Dated: _____October 6_____, 2022       _Paul A. Engelmayer_
                                              Judge Paul A. Engelmayer