UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :
BRYAN JAEGER,                                   :
                                                :   21 Civ. 11079
                              Plaintiff,        :
                                                :   ORDER
                -v-                             :
                                                :
PETER DE PAOLA and DE PAOLA TRADING, INC.,      :
                                                :
                              Defendants.       :
                                                :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the parties' recent letters regarding discovery, to wit, (1) plaintiff's March 21, 2023 letter, Dkt. 60, regarding the limited scope of document discovery thus far produced by the defense; (2) defendants' letter dated March 24, 2023, arguing, *inter alia*, that plaintiff's requests for document discovery reach too far back in time, Dkt. 62; (3) plaintiff's March 28, 2023 letter, seeking a 60-day adjournment of all deadlines in the case management plan, including as to discovery, Dkt. 63; and (4) defendants' letter of March 29, 2023, seeking a stay of discovery through and until August 31, 2023, on the grounds that defendants have experienced a substantial loss in an arbitration brought by a different claimant, Thea DePaola Dkt.64.

The Court will not entertain defendant's request for a lengthy stay of discovery in light of defendants' loss in a separate arbitration. *See* Dkt. 64. That request is patently unreasonable. Defendants committed to the schedule in this case aware of the separate claim brought against them by Thea DePaola, and the possibility of a loss in that arbitration. Had the Court been notified that a loss in the arbitration might occasion a request along these lines, it would have put in place a more expeditious discovery schedule here. Defendants' request threatens unfairly to

disadvantage one claimant (plaintiff Jaeger) relative to the claimant (Thea DePaolo) whose claims were pursued in arbitration. If anything, this development counsels expedition of this matter.

In light of plaintiff's consent to—indeed request for—a lesser adjournment, the Court will, however, grant plaintiff's request for a 60-day adjournment of all deadlines as proposed in its letter of March 28, 2023, Dkt. 63, with one exception: **All** outgoing **document** discovery by the parties must be produced by the existing April 19, 2023 deadline.[1] Towards that end, the Court resolves the discovery dispute in the letters at dockets 60 and 62 as follows. Insofar as the parties' disputes turns on how far back in time document discovery should reach, the Court limits such discovery to the period beginning January 1, 2015, a date defendants do not assert is unreasonable. See Dkt. 62 at 2 ("a reasonable scope of discovery is going back to 2015 or 2016"). To the extent plaintiff contends that discrete additional documents from before that date are relevant and proper to produce, plaintiff is at liberty to assert as much—but only after defendants' document production due April 19 has been made and reviewed. Any discovery disputes along these or other lines are to be litigated consistent with the Court's individual rules, which require, *inter alia*, that the parties meet and confer prior to raising any discovery disputes with the Court. Given defendants' claim to have limited resources, the Court expects the parties to work collegially toward reasonable resolutions of discovery issues so as to avoid needlessly litigation on such matters before the Court.

The Court directs counsel to submit a joint revised case management plan, consistent with this order, and to file it on the docket of this case by Friday, March 31, 2023. The Court

---

[1] This deadline does not apply to other aspects of discovery, for example, depositions.

respectfully directs the Clerk of the Court to terminate the letter motions pending at dockets 63 and 64.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 29, 2023
New York, New York